## THE PRINZESS IRENE.

### (Circuit Court of Appeals, Second Circuit. January 7, 1907.)

### No. 98.

SHIPPING — INJURY OF PASSENGER — NEGLIGENT REGULATIONS IN STORMY WEATHER.

A steamship was negligent in requiring steerage passengers to come onto the upper deck to receive their food while crossing the ocean in weather so stormy as to render it dangerous, and is liable for the injury of a passenger while so on deck by being thrown down by a wave, or by reason of the wet and slippery condition of the deck.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree awarding damages to libelant for personal injuries due to a fall which libelant sustained March 30th, 1903, two days out from Bremen, while on the deck of the steamship Prinzess Irene. The opinion of the District Judge will be found in 139 Fed. 810.

F. M. Brown and Butler, Notman & Mynderse, for appellant.

B. B. Coyne and Abbott & Coyne, for appellee.

Before Judges WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The libelant was a steerage passenger, who under regulations enforced by the steamship line was required to come on deck to get his food, instead of having it supplied to him below. There is controversy as to some of the facts, notably as to the quantity of water which was shipped at the time; but it is not disputed that the steamer was encountering rough weather, there was a very choppy sea, with ground swell, the ship pitching heavily, and proceeding against a head wind No. 7 Beauford scale—a moderate gale. The deck was slippery with the water which had come aboard, and had been sanded so that those who had to walk upon it might have a better foothold. We do not think it at all material to determine whether the libelant was knocked over by a body of water, or whether the sand was washed away by an irruption of spray, which left him with an insecure surface upon which to walk to or from the exposed galley where coffee and zwieback were being served. Nor do we think it makes any difference that he was a little out of line with the rest of the passengers. He had not passed beyond any roped-in or otherwise designated space. We concur with the District Judge in the conclusion that the claimant did not exercise the high degree of care which the law requires from a carrier of passengers, when it required them to come on an exposed deck under such conditions to receive their food.

It is contended that the weather was not more severe than what is usually encountered on a winter crossing to westward; that it is customary to bring the passengers on deck in such weather to feed them; and that, if arrangements were made for feeding them below, it would be necessary to use space now devoted to sleeping quarters,

so that it would not be possible to carry so many steerage passengers, and it might be necessary to increase the price charged for a passage. These results are not such as one need view with alarm. Certainly they do not constitute an excuse for modifying the well-settled rule as to a carrier's obligations to its passengers.

The decree is affirmed, with interest and costs.